UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 8:14-cv-498-CAS(RNBx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. RONALD W. HART | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | | |
| Kathryn Van Houten | Not Present | | |

**Proceedings:**  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 23, filed February 23, 2015)

## I.    INTRODUCTION

Plaintiff the United States of America, suing on behalf of the Department of Education, filed this action against defendant Ronald W. Hart on April 2, 2014. Dkt. No. 1 ("Compl."). The complaint alleges that defendant defaulted in the payment of a student loan promissory note guaranteed by the Department of Education. Id. ¶ 2–4. Plaintiff filed a motion for summary judgment on January 29, 2015, and a corrected motion for summary judgment on February 23, 2015. Dkt. Nos. 14, 23. Defendant has not filed an opposition, which per this Court's Local Rules was due on February 23, 2015. See C.D. Cal. L.R. 7-9. On March 16, 2015, the Court held a hearing, at which plaintiff's counsel, but not defendant, appeared. For the reasons that follow, the Court grants the motion for summary judgment.

## II.    FACTUAL BACKGROUND

In November 1988, defendant executed a promissory note for a student loan in the amount of $4000 from the Bank of Horton in Horton, Kansas. Separate Statement of Undisputed Facts ("SSUF") ¶ 3; Basmadzhyan Decl. Ex. A; Answer ¶ 2. This loan was disbursed for $4,000 on December 14, 1988. Basmadzhyan Decl. Ex. B. According to a Certificate of Indebtedness executed by Alberto Francisco of the Department of Education on May 5, 2008, the loan obligation was guaranteed by the Nebraska Student Loan Program, and then reinsured by the Department of Education pursuant to loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 et seq. Id. ¶ 3 & Ex. B.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'      JS-6

| Case No. | 8:14-cv-498-CAS(RNBx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. RONALD W. HART | | |

On January 1, 1990, defendant defaulted on the loan obligation. Id. Ex. B. The Bank of Horton filed a claim on the loan guarantee, which the Nebraska Student Loan Program paid in the amount of $4,938.20. Id. The Nebraska Student Loan Program was then reimbursed for this amount by the Department of Education. Id. The Nebraska Student Loan Program attempted to collect the amount due from defendant but was unable to do so, and on September 6, 1999, assigned its right and title to the loan to the Department of Education. Id. Since that assignment, the Department of Education has not received any payments, and interest has continued to accrue. Id.

Demand letters were sent to defendant at his last known address on or about May 7, 2008, May 23, 2008, and February 19, 2014. Id. ¶ 4. No amounts have been paid on the loan obligation since the Certificate of Indebtedness was executed, and interest has continued to accrue. Id. ¶¶ 5–6. Plaintiff submits that, as of January 29, 2015, the balance on defendant's account was as follows:

| | |
|---|---|
| Principal Balance: | $4,938.20 |
| Total Interest Accrued to January 29, 2014: | 9,546.13 |
| Administrative Charges: | 00.00 |
| Costs: | 477.50 |
| Less Credits/Payments: | 00.00 |
| Total Owed: | $14,961.83 |
| Interest Rate: | 8.2% |

Id. ¶ 7. Plaintiff's counsel declares that defendant "has not produced any documentation showing payments or to otherwise disput[ing] the outstanding balance." Van Houten Decl. ¶ 5.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 8:14-cv-498-CAS(RNBx) | Date | March 16, 2015 |
| Title | UNITED STATES OF AMERICA v. RONALD W. HART | | |

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

In an action on default of a loan obligation, the government meets its burden of making out a prima facie case by introducing the promissory note, guaranty, and a sworn declaration of the account by the appropriate agency officer. See United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975). Here, by submitting a promissory note signed by defendant and a Certificate of Indebtedness sworn by Alberto Francisco of the Department of Education attesting to defendant's account and the government's guaranty, plaintiff has made out a prima facie case that defendant entered into the student loan agreement in question, and is in default in the amount of $14,961.83, as set forth above in Section II. Defendant has not offered any evidence refuting this prima facie case.

In defendant's answer, he asserts that any collection on his debt is barred by the applicable statute of limitations. This argument fails, however, because through the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | 8:14-cv-498-CAS(RNBx) | Date | March 16, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. RONALD W. HART | | |

Higher Education Technical Amendments of 1991 ("HETA"), "Congress provided that actions to collect on defaulted student loans were no longer subject to any statute of limitations." United States v. Phillips, 20 F.3d 1005, 1007 (9th Cir. 1994) (citing 20 U.S.C. § 1091a(a)); see United States v. Gastaldo, 453 F. App'x 727, 728 (9th Cir. 2011) (unpublished) ("[T]he United States may at any time bring an action for the repayment of the amount due from a borrower on a loan made under Title IV of the Higher Education Act that has been assigned to the Secretary of Education."). The legislative purpose of this amendment was "to ensure that obligations to repay [student] loans . . . are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced." 20 U.S.C. § 1091a(a)(1). HETA's removal of statutes of limitations on student loan debts was given retroactive effect. Phillips, 20 F.3d at 1007; see United States v. Glockson, 998 F.2d 896, 897 (11th Cir. 1993) ("Congress intended the HETA amendments to apply retroactively to all student loan collection actions."); United States v. Hodges, 999 F.2d 341, 341–42 (8th Cir. 1993) (government could bring action to recover on defaulted student loan even though loan was defaulted in 1969 and assigned to government in 1983, and would have been barred under previously applicable six-year limitations period). Therefore, no statute of limitations bars this action, and plaintiff is entitled to judgment as a matter of law.

      The United States has requested an award of attorneys' fees pursuant to the terms of the promissory note defendant entered into. Section F of this promissory note states: "If I fail to pay any amount when due, I will also pay all charges and other costs—including attorney's fees—that are permitted by Federal law and regulations for the collection of these amounts." Basmadzhyan Decl. Ex. A at 2. Plaintiff requests attorneys' fees of $2,000, as well as an additional $2,000 should defendant appeal an adverse ruling. Van Houten Decl. ¶¶ 2–4. Plaintiff's collection counsel states that the requested fees are for time spent reviewing the file, making written demand upon defendant, drafting and filing the complaint, obtaining service of summons upon defendant, reviewing defendant's answer, attending a status conference and early meeting of counsel, and preparing the instant motion for summary judgment and supporting documents. Id. ¶ 3. Counsel also declares that the requested fees reflect anticipated future services, including abstracting the judgment and filing of record in the appropriate counties, conducting post-judgment discovery of assets subject to execution, and obtaining and serving a writ of execution. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 8:14-cv-498-CAS(RNBx) | Date | March 16, 2015 | |
| Title | UNITED STATES OF AMERICA v. RONALD W. HART | | | |

The Court finds reasonable the requested $2,000 in attorneys' fees for work directed at making written demand upon plaintiff and bringing the instant motion. The Court expresses no opinion on whether attorneys' fees should be awarded, or in what amount, for additional work should defendant appeal this case.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for summary judgment. **IT IS HEREBY ORDERED** that Judgment be entered favor of plaintiff United States of America against defendant Ronald W. Hart in the amount of $14,961.83, and for attorneys' fees in the amount of $2,000.00.

IT IS SO ORDERED.

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |